## BLANCHARD v. BEIDEMAN.

THE liability of owners of property in San Francisco for assessments made by the
city authorities for repairing streets, depends on the statute, and only inures
after the steps required by the statute have been taken.

Under the Consolidation Act of 1856 for San Francisco, and the Act of 1859
amendatory thereof, the Board of Supervisors have no power to order a con-
tract for planking, paving, piling or repaving a street which has been once
paved, piled, etc., except in the instance given in section fifty-three as amended
by section ten of the Act of 1859.

In other cases not within this exception, where the planking or paving of a street
or sidewalk needs local repairs, the Supervisors cannot authorize a contract to
be made by the Superintendent of Streets for such repairs; but the proceeding
must be by notice to the owner, etc., of the property, according to section
fifty-six as amended by section twelve of the Act of 1859.

APPEAL from the Twelfth District.

The complaint avers in substance that the Board of Supervisors
of San Francisco having given notice of their intention to " repair
Clay street in said city from Davis to Drumm, including sidewalks,"
took the necessary steps by advertising for proposals, etc., under
the Consolidation Act, and finally passed an order directing the
Superintendent of Public Streets and Highways to enter into a
contract with plaintiff to do the work according to specifications—
he being the lowest bidder; that he did the work, defendant, who
was owner of a certain piece of property bordering on that part of
Clay street, not offering to do it himself as the law provides he
might; that the Superintendent has assessed the amount due from
defendant for his portion of the work, and for this sum plaintiff, as
contractor, sues.   The specifications referred to state that the work
to be done is: " repairing Clay street from Davis to Drumm streets
by piling, capping and replanking (where necessary)."   Defend-
ant demurred on the ground that the complaint did not state facts
sufficient to constitute a cause of action.   Demurrer sustained.   It
seems from the argument of counsel that the Court below held that
the use of the word " repair " showed that the work came within
sections fifty-six and fifty-seven of the Consolidation Act, and was
a " local repair " over which the Superintendent alone has power,
and not the Board.   Plaintiff appeals.

*Parker & Waterman*, for Appellant, argued that the " repairs" in this case were of so extensive a nature as not to be governed by the fifty-sixth section of the statute regulating " local repairs."

*Wise & Gough*, for Respondent, argued that the Board of Supervisors have no power to " repair" a street except under section fifty-three of the Consolidation Act, as amended by the Act of 1859 ; that the repair in such case must be an *entire repairing* of a whole street for at least its breadth.; and that this differs essentially from the " local repairs" provided for in the fifty-sixth section of the Act of 1856.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This was an action to enforce a contract for repairing a street in San Francisco. The contract was made by the Street Superintendent, under the provisions of the Consolidation Act applicable to that city. The liability of the defendant in such cases as this depending upon a statute, the remedy must be according to the statute ; and the liability only inures after the taking of the steps and a compliance with the requisitions prescribed by the statute. The complaint must show the existence of the facts authorizing the contract, as it is upon these, and these alone, that the liability of the defendant is predicated. It seems to us that the learned Judge below was right in sustaining the demurrer, and for the reason given, that under the provisions of the Consolidation Bill and the Act of 1859 amendatory of it, the Board of Supervisors have no power to order a contract for planking, paving, piling or repaving a street which has been once paved, piled, etc., except in the instance given in section fifty-three (amended). (See sec. 10 of the Act of 1859.) The power here was not under or conformable to that section ; but this work would seem to come under the fifty-sixth section (amended). (See sec. 12 of the Act of 1859, Statutes, 145.) If inconvenience or difficulty results from such a construction, we have no power to remedy it.

Judgment affirmed.